F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL LYNN ARCHER,

Petitioner-Appellant,

v.

CHARLES RAY, Warden; DAVIS
CORRECTIONAL FACILITY;
STATE OF OKLAHOMA; RON
WARD,

Respondents-Appellees.

No. 06-6083

(W. D. Oklahoma)

(05-CV-536-M)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Michael Lynn Archer, an Oklahoma state prisoner proceeding pro se, seeks

a certificate of appealability ("COA") to appeal the district court's order

dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus.  Mr.

Archer's petition raised twelve claims.  The magistrate judge's report and

recommendation suggested dismissal of nine of the claims because they were

procedurally defaulted when Mr. Archer failed to timely perfect his state appeal;

it recommended dismissal of two claims based upon the reasonableness of the

state court's findings; it recommended dismissal of the final claim, in which Mr.

Archer requested an evidentiary hearing on the grounds that Mr. Archer did not

meet the statutory requirements for granting such hearings. The district court adopted the report and recommendation, denied the petition, and granted Mr. Archer's request to proceed *in forma pauperis* ("IFP") to file this COA. For substantially the same reasons as outlined in the report and recommendation, we deny Mr. Archer's application for a COA and dismiss this matter.

## BACKGROUND

In 2002, a jury in the district court of Grady County, Oklahoma convicted Mr. Archer of two counts of lewd molestation, in violation of Okla. Stat. tit. 21 § 1123(a)(2), and one count of indecent exposure, in violation of Okla. Stat. tit. 21 § 1021(a)(1), all committed after five previous felony convictions. The jury recommended sentences of twenty years on each count, and the judge imposed those counts consecutively. After the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and the United States Supreme Court denied his petition for certiorari, Mr. Archer sought post-conviction relief in the district court of Grady County. After that court denied the petition, Mr. Archer filed an appeal with the OCCA. This appeal was dismissed as untimely, and Mr. Archer sought relief in federal court.

In federal court, Mr. Archer raised twelve grounds for relief: (1) the "religious atmosphere" (a carving reflecting the Biblical *lex talionis* rule) of the courtroom violated the Establishment Clause, (2) the judge had personal interest in his case, (3) his sentences were excessive, (4) prosecutorial misconduct, (5)

2

portions of his charges had been previously dismissed, (6) he was incompetent, (7) his due process rights were violated by evidentiary admissions, (8) he was denied the right to be present at all stages of his trial, (9) the state was not required to properly prove every element of the alleged crimes, (10) and (11) ineffective assistance of trial and appellate counsel, respectively, and (12) entitlement to an evidentiary hearing.

DISCUSSION

Issuance of a COA is jurisdictional and may be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Archer may make this showing by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong, or if the ruling was procedural, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

The magistrate judge recommended that grounds one, two, and five through eleven should be dismissed due to procedural default. On habeas review, a federal court does not review any claims that a petitioner has defaulted in state court absent a showing that: (1) a cause outside the control of the petitioner caused the default, and the petitioner has suffered prejudice, or (2) a fundamental

3

miscarriage of justice would occur absent review. *Bousley v. United States*, 523 U.S. 614, 622 (1998). This circuit has held that noncompliance with the OCCA's post-conviction filing requirements procedurally bars federal habeas review. *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998).

Mr. Archer argues particularly vigorously that he presented sufficient cause to overcome this procedural bar because the delay in filing the post-conviction petition with the OCCA was not his fault. He contends that only an IFP affidavit, which may be filed separately from the post-conviction notice of appeal, was untimely filed. The IFP affidavit requires information that prison officials must generate, and Mr. Archer includes with his application letters from prison officials assuming the blame for the late IFP affidavit filing.

We are not persuaded by Mr. Archer's argument. In particular, he fails to show any cause regarding his failure to timely file the notice of appeal to the OCCA. Our independent review of the record in this case reveals that Mr. Archer mistakenly mailed the notice of appeal to the Grady County district court, rather than to the OCCA, and did not realize his error until after the period for filing with the OCCA had passed. *See* State Ct. Rec., vol. II (note from Grady County Deputy Court Clerk, written on June 2, 2004 letter from Mr. Archer, explaining, in response to Mr. Archer's request for a file-stamped copy of the Notice of Intent to Appeal, that Mr. Archer "need[ed] to file [his] appeal with the Court of Criminal Appeals – not the District Court. You are appealing the District Court

4

ruling."). Thus, even if the prison officials had not delayed Mr. Archer's IFP application, Mr. Archer's notice of appeal would have been filed after the OCCA's filing deadline expired.

With respect to grounds three and four, which raised an Eighth Amendment challenge to the length of his sentence and a due process challenge to the prosecutor's conduct during trial respectively, the magistrate judge found that aspects of these claims had not been procedurally defaulted. Applying the deference required by § 2254 when a petition raises issues that have been previously adjudicated by a state court, the magistrate judge recommended dismissal of these claims on the merits.

We agree with the magistrate judge. Mr. Archer's Eighth Amendment claim that the state court should not have imposed his sentences consecutively is clearly foreclosed by our precedent. *Hawkins v. Hargett*, 200 F.3d 1279, 1285 n.5 (10th Cir. 1999) ("The Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence for multiple crimes."). Additionally, as explained in the magistrate judge's thorough review of Mr. Archer's claim of prosecutorial misconduct, Mr. Archer has not shown that the OCCA's determinations with respect to this claim were contrary to or an unreasonable application of Supreme Court precedent. Finally, with respect to Mr. Archer's final claim, a request for an evidentiary hearing, we note that 28 U.S.C. § 2254(e)(2) governs this request, and that Mr. Archer has failed to show

5

that his claim to a hearing "relies on a new rule of constitutional law . . . [or] a factual predicate that could not have been previously discovered through the exercise of due diligence."

We have reviewed Mr. Archer's request for a COA, the magistrate judge's report and recommendation, the district court's orders, and the record on appeal. For substantially the same reasons set forth by the magistrate judge, we conclude that Mr. Archer is not entitled to a COA. The magistrate judge's recommendation reflects a careful analysis of the record and is supported by the applicable law.

We have also reviewed Mr. Archer's request for injunctive relief, filed July 5, 2006, asking us to direct the Department of Corrections to permit him additional storage space in his cell for legal materials. "A party must ordinarily move [for injunctive relief] first in the district court." FED. R. APP. P. 8(a)(1). A motion may be made directly to this court, but the movant must "show that moving first in the district court would be impracticable." *Id*. 8(a)(2)(A)(I). Because Mr. Archer has not shown (or even argued) that moving first in the district court would be impracticable, we deny his request.

Because jurists of reason would not find the conclusions made below debatable, we DENY Mr. Archer's application for a COA, DENY his request for

injunctive relief, and DISMISS this matter.

Entered for the Court,


Robert H. Henry
Circuit Judge